UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE BROWN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-0058-TCM |
| | ) | |
| MIKE WILLIAMS, CURT CASTEEL, | ) | |
| JOHN DOE #1, JOHN DOE #2 and | ) | |
| BOB SIMMONS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of George Brown, Jr., (register #486704404) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $84.51, and an average monthly account balance of $21.66. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.90, which is 20 percent of applicant's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, currently incarcerated at Pemiscot County Jail, seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983. Named as defendants are Mike Williams (U. S. Marshal), Curt Casteel (Deputy U. S. Marshal), John Doe #1 (Deputy U. S. Marshal), John Doe #2 (Deputy U. S. Marshal) and Bob Simmons (jail administrator).[1] Plaintiff alleges that the defendants have been deliberately indifferent to his serious medical needs.

**Discussion**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff has failed to assert any facts indicating that any individual defendant was directly involved in or personally responsible for the alleged deprivation of his rights.

Furthermore, plaintiff has named two John Doe defendants. In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations specific enough to permit the identity of Deputy U. S. Marshals, John Does #1

---

[1] Title 42 U.S.C. § 1983 creates a remedy to redress a deprivation of a federally-protected right by a state actor acting under color of state law but is inapplicable to a federal actor acting under color of federal law. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 n. 1, 91 S.Ct. 1999 (1971) (Harlan, J., concurring); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984). Because the named defendants are both federal and state employees, the Court will construe plaintiff's complaint as seeking relief under *Bivens* and § 1983.

and #2, to be ascertained after reasonable discovery. This is not permissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Because plaintiff is a prisoner proceeding pro se and in forma pauperis, the Court will give him the opportunity to amend his complaint in accordance with the below instructions. Plaintiff is warned that his amended complaint will take the place of his original complaint and will be the only complaint which this Court reviews. Thus, plaintiff must include all of the defendants whom he wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint or risk dismissal of that defendant. Plaintiff must also either name the John Doe defendants (Deputy U. S. Marshals) or make specific allegations to permit them to be identified. If plaintiff cannot provide the actual name of a defendant, he may name that defendant as a John Doe but must also describe that defendant so that his or her identity may be ascertained after discovery.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED.** *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $16.90 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as the Court will order plaintiff to amend his complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this order using the court-provided form for a prisoner filing a complaint under 42 U.S.C. § 1983.[2] Plaintiff shall set out the name of each defendant whom he wishes to sue in the caption of the complaint by either actually naming the defendant or, to the best of his ability, identifying each John Doe defendant. If plaintiff needs additional space to name all of the defendants, he must attach an additional sheet to the complaint and clearly identify its purpose. In the Statement of Claim, plaintiff shall briefly set forth as to each named defendant the specific factual allegations supporting his claim of denial of medical treatment. Plaintiff may attach additional sheets to his Statement of Claim only if necessary to set out his claims as to each named defendant.

**IT IS FURTHER ORDERED** that the Clerk shall forward to plaintiff, with a copy of this Order, the court-provided form for a prisoner to file a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that, upon the filing of an amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

Dated this 16th day of May, 2006.

/s/ Thomas C. Mummert, III

---

[2]The Court will order the Clerk to provide plaintiff with the proper form.

THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE