UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-0058-TCM |
| ) | |
| MIKE WILLIAMS, CURT CASTEEL, ) | |
| JOHN DOE #1, JOHN DOE #2 and ) | |
| BOB SIMMONS, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court for review of plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2)(B). On May 16, 2006, the Court ordered plaintiff to file an amended complaint and to set forth as to each named defendant the specific factual allegations supporting his claim.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The

Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The amended complaint**

Plaintiff, a federal pretrial detainee at the Pemiscot County Jail, seeks monetary and injunctive relief in this action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), and 42 U.S.C. § 1983. Named as defendants in the complaint are Mike Williams (Supervisory Deputy Marshal)[1], Curt Casteel (Deputy U. S. Marshal), John Does #1 and #2 (Deputy U. S. Marshals) and Bob Simmons (Jail Administrator, Pemiscot County Jail).

Plaintiff alleges that, on January 19, 2006, he was taken into the custody of the United States Marshals Service and housed at Pemiscot County Jail. Plaintiff states that he suffers from low back pain, high blood pressure and h-pylori, and takes medication for each of these conditions. Plaintiff further states that an esophagogastroduodenoscopy (EGD) had been prescribed because he was spitting up blood. Plaintiff alleges that he told defendants Williams and Simmons about the diagnosis and prescribed procedure. Plaintiff also alleges that the court admonished defendant John Doe #1 during a detention hearing as to the need for an EGD, and defendant John Doe #1 advised the court that the matter would be looked into. Plaintiff states that defendant John Doe #1 notified defendants Williams and Casteel of the court's admonition. Plaintiff states that he also spoke directly to defendants Casteel and John Doe #2 regarding his medical needs. Plaintiff alleges that his medical condition worsened, and he complained to staff that he had, *inter alia*, chills, fever, headaches, chest

---

[1]Defendant Williams was misidentified by plaintiff as the U. S. Marshal.

pain and numbness in his hands and feet. Plaintiff asserts that defendants did nothing to provide medical care for his conditions.

**Discussion**

Pretrial detainees are protected against failure to provide care for medical needs under the Due Process Clause of the Fifth and Fourteenth Amendments, rather than under the Eighth Amendment, which is applied to convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979). The Eighth Circuit has consistently applied to pretrial detainees the same "deliberate indifference to serious medical needs" standard that is applied to convicted inmates. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006) (citations omitted). "Under this standard, an official is deliberately indifferent (reckless) if he disregards a known risk to a prisoner's health." *Id*. (quoting *Gregoire v. Class*, 236 F.3d 413 (8th Cir. 2000) (citing *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).

Plaintiff's allegations of deliberate indifference to serious medical needs against defendants Williams, Casteel, John Doe #1, John Doe #2 and Simmons survive review under § 1915(e)(2)(B) and should not be dismissed at this time. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Williams, Casteel, John Doe #1, John Doe #2 and Simmons respond to the amended complaint.[2]

---

[2]Filing complaints against and serving "John Doe" government officials is a common practice and has been accepted as proper by the courts. *See, e.g., Bivens,* 403 U.S. 388, 91 S.Ct. 1999; *Lattany v. Four Unknown U.S. Marshals,* 845 F.Supp. 262, 264 (E.D.Pa.. 1994). Plaintiff has provided sufficient information regarding the identity of these defendants and will be in a better position to identify them after discovery. Accordingly, the Court will not dismiss these defendants because of plaintiff's failure to name them at this juncture.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process upon the amended complaint as to defendants Mike Williams, Curt Casteel, John Doe #1, John Doe #2 and Bob Simmons.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Mike Williams, Curt Casteel, John Doe #1 and John Doe #2 and Bob Simmons shall respond to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of June, 2006.